**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jorge H. M. O.,[1]                                    Case No. 26-CV-609 (MJD/DLM)

         Petitioner,

v.                                                                    **REPORT AND**
                                                                       **RECOMMENDATION**

Pamela Bondi, Kristi Noem, Department
of Homeland Security, Todd M. Lyons,
Immigration and Customs Enforcement,
Daren K. Margolin, Executive Office for
Immigration Review, and David
Easterwood,

         Respondents.

---

Petitioner Jorge H.M.O. has filed a Petition for Writ of Habeas Corpus (Doc. 1), pursuant to 28 U.S.C. § 2241. The petition has been referred to a United States Magistrate Judge for the issuance of a report and recommendation. Petitioner claims he is being denied access to a bond hearing to which he is entitled under 8 U.S.C. § 1226(a). Respondents counter that Petitioner is not eligible for a bond hearing because his detention is mandatory under 8 U.S.C. § 1225(b)(2). For the reasons set forth in *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025), the Court recommends that the petition be granted. The Court further recommends that Respondents' Motion to Dismiss be denied, since the factual basis which Respondents claim strips jurisdiction from

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

this Court occurred only because Respondents violated an Order of the Honorable Michael J. Davis, the District Judge assigned to this case.

Petitioner is a citizen of Colombia. (Doc. 1 ¶ 8.) He has lived in the United States since 2022. (*Id.* ¶ 13.) He was detained by Respondents on January 15, 2026. (*Id.* ¶ 15.) His arrest was made upon forcible entry into his home by immigration authorities without a warrant. (*Id.*) Respondents have refused to provide him a bond hearing, citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). His Verified Petition was filed on January 23, 2026.

The day after Petitioner filed his Petition, the Court issued an Order directing Respondent to file an answer no later than January 27, 2026. (Doc. 3.) Importantly, that Order also addressed jurisdiction; Judge Davis ruled that 1) "habeas jurisdiction attached at the time of Petitioner's apprehension in this District;" 2) "jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state;" 3) "Habeas jurisdiction turns on custody and control, not on the Government's unilateral post-seizure movement of the detainee;" and 4) "The position that jurisdiction lies exclusively in the district to which Respondents transfer a petitioner would permit the Government to determine the forum for judicial review through its own logistics. Federal courts may not be divested of jurisdiction in that manner." (Doc. 3 ¶ 4.) This Order also enjoined Respondent from removing Petitioner from the District of Minnesota while this habeas petition was pending (Doc. 3 ¶ 5), and ordered Respondents to return Petitioner to Minnesota if he had already been moved. (Doc. 3 ¶ 6).

Respondents answered on January 27, 2026. (Doc. 5.) In their response, Respondents challenge only the Court's jurisdiction to decide this case, not the legal basis for Petitioner's detention. According to Respondents, since Petitioner is now in El Paso, Texas, this Court has no jurisdiction to consider the habeas petition. Accordingly, say Respondents, this matter should be dismissed or transferred to the Western District of Texas.

Respondents are wrong. The Court has already ruled on its jurisdiction in this case, since Petitioner was "apprehended within the District of Minnesota by federal officers and immediately placed into federal custody [in Minesota]." (Doc. 3 ¶ 4.) Because the petition "challenges the legality of that seizure and detention," the Court determined it had jurisdiction to consider the petition. (*Id.*) That Order also required Respondents to return Petitioner to Minnesota if he had been removed. (*Id.* ¶ 6.) Respondents admit Petitioner has been moved to El Paso, but instead of complying with the Court's return Order use the fact of Petitioner's transfer as a basis to claim this Court lacks jurisdiction. (Doc. 5 at 4.)

Because the Court has already made a determination on its jurisdiction in this case, the procedurally appropriate way to challenge that determination would be through a request to file a motion to reconsider, pursuant to D. Minn. LR 7.1(j). No such request was filed, and the Court can identify no "compelling circumstances" to grant such a request. *See* D. Minn. LR 7.1(j). While a court must always convince itself of its own jurisdiction to hear a matter, that has already happened. No circumstances support revisiting that determination.

Turning to the merits, Petitioner should prevail. The law and the facts of this case are similar to *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025). (Resp'ts' Resp. at 4, Dkt. No. 5.) In *Beltran*, Judge Davis determined that § 1226(a) governs the detention of noncitizens who are already residing in the United States, such as Petitioner—not § 1225(b)(2), which governs the detention of noncitizens seeking admission into the United States. *Beltran*, 2025 WL 3719856, at *3. If seeking admission, a noncitizen is subject to mandatory detention and not entitled to a bond hearing; if already residing in the United States, detention is discretionary, and the noncitizen is entitled to a bond hearing. *Id.*

Respondents have not shown how this case is materially distinguishable from *Beltran.* Thus, the Court recommends granting this petition on the same grounds as it granted the petition in *Beltran*. The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Jorge H. M. O.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be **GRANTED** insofar as Respondents be ordered to hold a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge in Minnesota within seven days of an order adopting this Report and Recommendation; and

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), Petitioner be immediately released from detention.

Date: January 28, 2026                    *s/Douglas L. Micko*
                                          Douglas L Micko
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before January 30, 2026. Responses to objections are due on or before February 2, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).