UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jorge H. M. O.,
        Petitioner,

v.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
Civil File No. 26-00609 (MJD/DLM)

Pamela Bondi, et al.,

        Defendants.

Taylor Jon Volkman, Taylor Volkman, Esq., Counsel for Petitioner.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Douglas L. Micko filed January 28, 2026. [Doc. 8.] Petitioner has filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court adopts the Report and Recommendation of Magistrate Judge Micko with modification.

1

I.      Petitioner's Objections

Petitioner agrees with the recommended holding of the R&R, but argues that immediate release rather than a bond hearing is the proper remedy. He first notes that despite the Court's January 24 order to immediately return him to Minnesota, he is still in detention in Texas, although Respondents have moved him from El Paso to Pearsall, Texas. (Doc. 9 at 1-2.) Petitioner asks that the Court order Respondents to show cause for their continued violation of the Court's order.

Second, Petitioner argues that in a situation like his, where "Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Simply put, for detention that lacks a lawful predicate, such as Petitioner's detention in the present case, release is an available and appropriate remedy." (Id. at 2 (quoting Gonzalo R.I. v. Bondi, No. 26-CV-248 (MJD/LIB), 2026 WL 191034, at *5 (D. Minn. Jan. 22, 2026), R&R adopted, 2026 WL 198793 (D. Minn. Jan. 25, 2026)).) Petitioner also notes that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." (Id. (quoting Ahmed M. v. Bondi, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at

2

\*3 (D. Minn. Jan. 5, 2026)).)  Therefore, Petitioner states that most of the judges in this District have found that when the government produces no lawful basis for detention and no evidence of a warrant, release is the appropriate remedy.  (<u>Id.</u> at 2-3 (gathering cases).)

Petitioner, a resident of Eagan, Minnesota and citizen of Columbia, with both pending asylum and U-visa applications, has lived in the United States since 2022.  He was arrested on January 15, 2026 when ICE agents broke down the door of his home and arrested him, his wife, and another family member.  (Doc. 1 at 4.)  The petition states that no warrant was presented and upon information and belief, ICE did not have a warrant.  (<u>Id.</u>)  Respondents do not challenge this version of the facts even though the Court directed Respondents to address whether the absence of a warrant preceding Petitioner's arrest necessitated Petitioner's immediate release.  (Doc. 3 ¶ 2(d); Doc. 5.)

The Court agrees with Petitioner that release is the appropriate remedy here because Petitioner's detention lacked a lawful predicate.  <u>See</u> <u>Gonzalo R.I.</u>, 2026 WL 191034, at \*5.  The R&R will be modified accordingly.

II.     Order

Based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED** that the Court **ADOPTS with modification** the Report and

3

Recommendation of United States Magistrate Judge Douglas L. Micko filed January 28, 2026. **[Doc. 8.]**

1. Petitioner's petition for writ of habeas corpus **[Doc. 1]** is **GRANTED**;

2. Respondents are ordered to **immediately** release Petitioner Jorge H. M. O. from custody **into Minnesota** with the following specific relief to ensure a safe trip home:

    a. At least 4 hours advance notice to Petitioner's counsel of the time and location of release;

    b. Petitioner must be released with all of the personal effects he had when he was arrested, such as:

        i. his passport,

        ii. driver's license,

        iii. keys, and

        iv. cell phone;

    c. Petitioner cannot be subject to any conditions of release; and

3. Within 48 hours of the date of this Order, Respondents are ordered to file a notice confirming such release; or

4. If Respondents are unable to confirm Petitioner's release and safe return to Minnesota, Respondents are ordered to instead provide a statement to the Court to show cause why Respondents continue to violate the Court's orders to return Petitioner to Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 6, 2026					s/Michael J. Davis
							Michael J. Davis
							United States District Court